846 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Imogene HOWARD, Administratrix C.T.A. of the Estate of
Jeanette B.J. Lorenc, Deceased, Janis Vaughn Rudisill,
individually and as Executrix of the Estate of Herman L.
Rudisill, Deceased, Jim Kersey, Donna Kersey, individually
and as Administrator of the Estate of Michael James Kersey,
Deceased, Christine Kersey, a minor under the age of
fourteen (14) years, Blue Cross-Blue Shield of South
Carolina, a South Carolina corporation, Richard E. Smith,
Rommie D. Smith, a minor over the age of fourteen (14)
years, Tia Rochelle Smith, a minor under the age of fourteen
(14) years, Reuben L. Smith, a minor under the age of
fourteen (14) years, and, Richard Earl Smith, Jr., minor
under the age of fourteen (14) years, Defendants-Appellants.
 No. 87-2152.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1988.
Decided May 6, 1988.
 
 Wilmot Irvin (Glenn, Irvin, Murphy, Gray & Stepp on brief) for appellants.
 Robert A. McKenzie (McDonald, McKenzie, Fuller, Rubin & Miller on brief) for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 State Farm Mutual Automobile Insurance Company ("State Farm") issued an automobile liability policy to Jeanette B.J. Lorenc, insuring a 1980 Toyota pickup truck. The liability limits of the policy were $50,000 for single bodily injury; $100,000 for total bodily injury for each accident; and $25,000 for property damage for each accident. While the insurance policy was in full force and effect, Lorenc was involved in an accident with two other vehicles, driven by Herman Rudisill and Richard Earl Smith, respectively, in which multiple fatalities, personal injuries and property damages were sustained.
 
 
 2
 Facing multiple claims of disputed value, State Farm instituted this interpleader action pursuant to 28 U.S.C. Sec. 1335, naming as defendants Janis Vaughan Rudisill, Jim Kersey, Donna Kersey and Christine Kersey (collectively "Rudisills").[1] The Rudisills counterclaimed against State Farm for a declaratory judgment pursuant to 28 U.S.C. Sec. 2201, seeking a determination that two "accidents" had occurred within the meaning of State Farm's policy, and therefore, the aggregate liability coverage of $100,000 per accident for bodily injury was available twice.[2] The lower court denied the Rudisills' motion for partial summary judgment, concluding that only one accident had occurred. The district court then granted State Farm's motion for summary judgment on the grounds that there was no genuine issue of material fact remaining to be tried. We agree with the district court's grant of summary judgment and affirm.
 
 
 3
 The pertinent facts in this case are not disputed. On the evening of March 4, 1984, the Rudisill vehicle was travelling West on Interstate Highway I-20, in the left passing lane, directly behind the Kersey vehicle. In the same lane, following closely behind the Kersey and Rudisill vehicles, was the Smith vehicle. Lorenc's truck suddenly appeared in the same lane as the Kersey, Rudisill and Smith vehicles, but travelling the wrong way. Although the Kersey vehicle was able to avoid contact with Lorenc, the Lorenc vehicle collided nearly head-on with the Rudisill vehicle, causing extensive damage to both vehicles. Immediately thereafter, the Smith vehicle struck the Rudisill vehicle, and perhaps the Lorenc vehicle, as it passed through the scene of the collision.[3]
 
 
 4
 The Rudisills contend that two accidents occurred because they were first struck by the Lorenc vehicle and, having been placed in a situation of danger, were then struck by the Smith vehicle in a second, and separate, accident. In reaching this conclusion, the Rudisills argue that the term "accident" as used in the liability policy insuring the Lorenc vehicle is inherently ambiguous and should be construed most favorably toward those seeking to impose liability on the insured. Appellants further invite this Court to construe the term "accident" under what is commonly known as the "effect" approach,[4] under which the court looks to the results or effects of an event instead of its cause to determine the number of "accidents" which occurred. We decline this invitation.
 
 
 5
 We agree with the judgment of the district court that there is no ambiguity in the term "accident" and therefore no required interpretation in favor of the insured, or, in this case, claimants. We also agree that the district court acted properly in finding that ordinary people "normally use the word 'accident' to describe the event, no matter how many persons or things are involved." See Saint Paul-Mercury Indemnity Co. v. Rutland, 225 F.2d 689, 691 (5th Cir.1955).
 
 
 6
 Accordingly, we affirm the judgment below on the reasoning of the district court. State Farm Mutual Automobile Insurance Company v. Imogene Howard, etc., C/A 3:84-2305-16 (D.S.C. July 1, 1987).
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 While other defendants were named in State Farm's complaint, only the "Rudisills" have appealed
 
 
 [2]
 State Farm has paid and settled all property damage claims arising from the collision
 
 
 [3]
 The Rudisills have settled their suit against Smith, and he is not a party to this appeal
 
 
 [4]
 Annot., 55 A.L.R.2d 1300 (1957)